2025 IL App (1st) 250736-U

FOURTH DIVISION
OCTOBER 16, 2025

No. 1-25-0736B

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25CR133 |
| | ) | |
| GILBERTO GUTIERREZ, | ) | Honorable |
| | ) | Eulalia V. De La Rosa, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

ORDER

¶ 1   *Held*:  The circuit court's order denying defendant's motion for relief and pretrial release is affirmed.

¶ 2   On December 5, 2024, the State filed a petition for pretrial detention, which the trial court granted. On March 12, 2025, Mr. Gutierrez filed a motion for relief, and on a subsequent date filed a supplemental motion for relief. The circuit court denied the motions. On appeal, Mr. Gutierrez challenges the court's decision to keep him in custody, arguing the State failed to meet its burden

for pretrial detention. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                        BACKGROUND

¶ 4     On December 5, 2024, the State, by felony complaint, charged Mr. Gutierrez with unlawful use of a weapon by a felon, aggravated discharge of a firearm, aggravated unlawful use of a weapon, reckless discharge of a firearm, and aggravated battery with a firearm. On that date, the State filed a petition for pretrial detention, which the trial court granted.

¶ 5     During the hearing on the petition for pretrial detention, the State proffered that on October 28, 2024, Saul Sandoval went to visit his girlfriend. As he approached the house from the alley behind her house, a group confronted him in the alley, which started an argument. Mr. Sandoval's girlfriend viewed the argument from her window and saw the men in the group passing around a firearm until it was given to Mr. Gutierrez. Then, Mr. Gutierrez chased Mr. Sandoval down the alley into the parking lot before shooting him once in his ankle. Mr. Gutierrez then fled, holding his waistband. No weapon was recovered. Six days later, Mr. Sandoval positively identified Mr. Gutierrez in a photograph array. On December 3, 2024, Mr. Gutierrez was arrested.

¶ 6     In his background, Mr. Gutierrez has a 2020 conviction for robbery, which he was sentenced to 2 years' probation, and a 2020 battery, for which he served 206 days in jail. The probation was terminated unsatisfactorily. He also had a pending charge for possession of a controlled substance. The State did not note any bond forfeitures. The public safety assessment tool graded Mr. Gutierrez a four out of six on the new criminal activity scale and a two out of six on the failure to appear scale.

¶ 7     Mr. Gutierrez proffered that he has a four-year-old daughter and supports his mother. He also had a full-time job. Mr. Gutierrez asked for the least restrictive conditions.

¶ 8     The trial court denied Mr. Gutierrez's pretrial release. The court found that the proof was evident and the presumption was great that Mr. Gutierrez committed the offenses of aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful use of a weapon by a felon. The court stated that Mr. Gutierrez posed a real and present threat to the community since he chased after the victim and discharged a firearm and as a convicted felon should not be in possession of a firearm. The court ruled no condition or set of conditions could keep the public safe.

¶ 9     On March 12, 2025, Mr. Gutierrez filed a motion for relief. In the motion, he argued that the State failed to prove the three elements of pretrial detention by clear and convincing evidence and Mr. Sandoval's statements were contradictory. On April 7, 2025, Mr. Gutierrez filed a supplemental motion for relief. In the supplemental motion, Mr. Gutierrez argued that he was not present at the scene of the crime and that Mr. Sandoval said that someone other than Mr. Gutierrez shot him and identified three other people in the show up at the scene of the incident. Additionally, it was alleged that Mr. Sandoval did not identify Mr. Gutierrez or say anything about him shooting him until November 4, 2024. In response, the State argued that there was no change in circumstances, which warranted reconsideration of Mr. Gutierrez's detention.

¶ 10    After a hearing on the motion for relief, the trial court denied the motion for relief. During the hearing the trial court mentioned surveillance video it previously viewed that showed a portion of the incident. On April 7, 2025, after the court's ruling, Mr. Gutierrez filed his notice of appeal.

¶ 11     In the original record on appeal, neither party included the surveillance video as an exhibit. The disposition for this case was originally due on July 12, 2025. On July 9, 2025, the Office of the State Appellate Defender (OSAD) notified the appellate clerk's office that it would supplement the record with the surveillance video. On August 12, 2025, this court filed an order *sua sponte* that the surveillance footage shall be filed by August 20, 2025. OSAD filed multiple extensions of time to supplement the record, and on September 11, 2025, this court granted a final extension of time to September 30, 2025. On September 16, 2025, the record was supplemented with the surveillance footage. Accordingly, there was good cause shown for the delay in the resolution of this case.

¶ 12                                          ANALYSIS

¶ 13     We note that we have jurisdiction to consider this matter, as Mr. Gutierrez filed a timely notice of appeal. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Apr. 15, 2024).

¶ 14     Mr. Gutierrez argues on appeal he should be granted pretrial release because the State did not prove by clear and convincing evidence that the proof was evident or presumption great that he committed a detainable offense, that Mr. Gutierrez posed a real and present threat to safety of any person in the community, and that less restrictive conditions were not available to mitigate the safety risk.

¶ 15     Under section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), a trial court may deny a defendant pretrial release only if, "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant is charged with a forcible felony." Moreover, though all defendants "shall be presumed eligible for pretrial release," the State bears

the burden of proving by clear and convincing evidence that "the proof is evident or the presumption great" that the defendant committed an offense listed in section 110-6.1(a) of the Code; that the defendant "poses a real and present threat to the safety of any person or persons or the community, based on articulable facts; and that "no condition or combination of conditions set forth in subsection (b) of section 110-10 [of the Code] can mitigate (i) the real and present threat to the safety of any person or persons or the community" for the enumerated offenses in section 110-6.1(a) of the Code, or "(ii) the defendant's willful flight for offenses listed in section 110-6.1(a)(8) of the Code." 725 ILCS 5/110-6.1(e) (West 2022)). Since there was no live testimony, we review Mr. Gutierrez's detention hearing *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 16    While the surveillance video did not record the shooting, according to the State's proffer, Mr. Sandoval's girlfriend saw the group of people pass a firearm to an individual, who then chased after Mr. Sandoval before shooting him. Mr. Sandoval identified the man as Mr. Gutierrez. See *People v. Thompson*, 2020 IL App (1st) 171265, ¶ 42 ("[A] single witness's identification of the accused is sufficient to sustain a conviction if the witness viewed the accused under circumstances permitting a positive identification."). While there are questions about the validity of the identification, since he allegedly previously identified someone else as the shooter, that is a trial question. *People v. Grunin*, 2022 IL App (1st) 200598, ¶ 59 ("When faced with conflicting versions of events, a factfinder is 'entitled' to choose among them and is not obligated to accept the defendant's version."). As a result, we find that the trial court did not err by finding that the proof was evident or presumption great that he committed a detainable offense.

¶ 17    Section 110-6.1(g) of the Code (725 ILCS 5/110-6.1(g) (West 2022) states the factors the trial court may consider when evaluating "whether the defendant poses a real and present threat to

the safety of any person or persons or the community. The factors include, in part, "the nature and circumstances of any offense charged[;] *** any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior[;] *** "whether the defendant is known to possess or have access to any weapon or weapons;" and "whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal or completion of sentence for an offense under federal or state law." 725 ILCS 5/110-6.1(g) (West 2022).

¶ 18    In this case, Mr. Gutierrez was previously convicted of robbery and unsatisfactorily completed his probation. Additionally, he was convicted of battery, and when he was arrested for the case before this court, he was allegedly in possession of a controlled substance. Based on that information, Mr. Gutierrez has three arrests for crimes involving violence, including two forcible felonies. The State proffered that Mr. Sandoval walked past this group, which caused a verbal altercation, leading to Mr. Gutierrez chasing Mr. Sandoval with a loaded firearm and shooting him in the parking lot of a laundromat. The record does not indicate any relationship between Mr. Gutierrez and Mr. Sandoval, which is concerning because Mr. Gutierrez allegedly escalated a verbal exchange into an altercation involving a firearm. Moreover, Mr. Gutierrez as a felon was not allowed to be in possession of a firearm but was still able to not only obtain one but also fire it in front of a business where other individuals could have been harmed. There is no question that based on his record and the proffered facts of the crime, Mr. Gutierrez posed not only a threat to Mr. Sandoval but also to the community.

¶ 19    Mr. Gutierrez also argues that electronic monitoring or other conditions could have mitigated the threat. As a felon, Mr. Gutierrez was already given the condition that he could not

possess a firearm, which he allegedly violated. This court is aware that Mr. Gutierrez's probation was also terminated unsatisfactorily. Mr. Gutierrez's criminal history shows a lack of regard for the rules and conditions imposed on him, and thus, we cannot find that there were conditions that could have been imposed to mitigate the risk. Accordingly, we find the trial court did not err by continuing Mr. Gutierrez's pretrial detention.

¶ 20                                    CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.